MATTER OF GAYO-GAYO

In Deportation Proceedings

A-11010264

*Decided by Board February 23, 1965*

A conviction under 18 U.S.C. 371 of conspiracy to violate 18 U.S.C. 1546 (false statements in immigrant visa) is not tantamount to a conviction under 18 U.S.C. 1546 within the purview of section 241(a)(5), Immigration and Nationality Act.

CHARGES:

Order:   Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—Not nonquota immigrant.

Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5)]—Convicted under Title 18, U.S.C., section 1546.

Respondent appeals from the order of the special inquiry officer finding him deportable on the first charge set forth above. The trial attorney appeals from the order of the special inquiry officer finding that the respondent was not deportable upon the second charge set forth above. Both appeals will be dismissed.

Respondent, a 32-year-old married male, a native and citizen of Spain, entered the United States on March 31, 1956 in transit to Spain; but failed to depart. On June 16, 1956 he married Milagros Rivera. He was apprehended by the Service on December 19, 1956 and on December 22 was returned to Spain. His wife filed a visa petition for him in January 1958; the petition was approved; the respondent entered the United States on March 16, 1958 with a nonquota visa issued to him as the husband of an American citizen.

The Service claims that the marriage was one entered into with the understanding by both parties that it would be one in name only, that it would not be consummated, and that it would be terminated when it had served its purpose of securing respondent's admission for permanent residence. Respondent contends that he married for love, that the marriage was consummated, that he lived

46

with his wife, and that he left her only when he found that she had been unfaithful to him. The special inquiry officer found the parties had not entered into a *bona fide* marriage relation.

· The Service case is based on the testimony of Milagros Rivera and prehearing admissions against interest made by respondent. Counsel attacks Rivera as a person who was untruthful, of questionable character and whose testimony was induced by fear that she might otherwise be prosecuted for perjury since her unfavorable testimony was in conflict with a prehearing statement she had made. He contends that her testimony, contradicted as it is by that of respondent, a stable person, who has proven a good husband and provider (he remarried), is not credible. The conflicting testimony of Rivera has been set forth by the special inquiry officer and need not be repeated. We find as did the special inquiry officer that Rivera's testimony is corroborated by prehearing admissions against interest made by the respondent. We find that respondent's admissions were neither made under duress nor made to conform with testimony of Rivera. The information he furnished goes far beyond hers. We believe that the record adequately supports the first charge. The respondent's appeal will be dismissed.

Counsel contends the special inquiry officer was unduly influenced by the fact that the respondent was convicted on a criminal charge in connection with his marriage. The special inquiry officer stated that the criminal proceedings were such that the doctrine of collateral estoppel could not apply to the charge in question. There is no evidence that he was improperly influenced by the court decision; the reasons for his findings are fully set forth. There is no reliance upon the criminal proceeding.

The Service appeal will now be considered. On March 6, 1962, respondent, along with two others, was indicted for conspiracy to violate the immigration laws of the United States. The indictment contained four counts. Respondent was convicted and sentenced on count one. The count laid under 18 U.S.C. 371 charges that from about May 1956 to May 1959, the respondent and two others conspired to violate 18 U.S.C. 1001 (false statements) and 1546 (false statements in immigration visa) and to defraud the Government in the exercise of its governmental function of administering the immigration laws. In pursuance of the conspiracy five overt acts relating to the respondent's marriage to Rivera, his obtaining a visa, and his entry with a nonquota visa are set forth.

Respondent's deportation is sought under the underlined portion

of section 241(a)(5) of the Act (8 U.S.C. 1251(a)(5)); the section provides for the deportation of an alien who—

has failed to comply with the provisions of section 265 unless he establishes to the satisfaction of the Attorney General that such failure was reasonably excusable or was not willful, or has been convicted under section 266(c) of this title, or under section 36(c) of the Alien Registration Act, 1940, or has been convicted of violating or conspiracy to violate any provision of the Act entitled "An Act to require the registration of certain persons employed by agencies to disseminate propaganda in the United States, and for other purposes", approved June 8, 1938, as amended, *or has been convicted under section 1546 of title 18 of the United States Code;* (Emphasis supplied.)

The special inquiry officer dismissed the charge based on section 241(a)(5) of the Act, finding that the section required a conviction under 18 U.S.C. 1546 whereas the conviction in the instant case had been under 18 U.S.C. 371. The special inquiry officer felt that had Congress who made conviction for a violation of 18 U.S.C. 1546 a ground of deportability intended to also make conviction for a conspiracy to violate 18 U.S.C. 1546 a ground of deportation, they would have provided as they had elsewhere in section 241(a)(5) of the Act for the deportation of an alien "convicted of violating or conspiracy to violate" the law in question. The special inquiry officer also pointed out that in other sections relating to the deportation of aliens, Congress specified that it was both the conviction of the law and the conviction of a conspiracy to violate that law that would subject the alien to liability to deportation (sections 241(a)(11) and (17), of the Act).

The Service representative contends that Congress intended by means of section 241(a)(5) of the Act to deport persons guilty of fraud and misuse of visas and that since reference to the overt acts listed in the conspiracy count reveals that respondent's conviction was for acts of fraud and misuse of a visa, respondent should be held deportable under section 241(a)(5) of the Act. No authority is cited for the contention that it was the intent of Congress to make liable to deportation by means of section 241(a)(5) of the Act any person who committed acts of fraud or misused a visa but had not been convicted under 18 U.S.C. 1546. The contention must be rejected. The contention is made in face of the fact that by other provisions of the Act Congress, without requiring a conviction, provided for the deportation of an alien who was guilty of fraud or misuse of a visa (sections 212(a)(19), 241(a)(1), 241(c) of the Act); reliance upon 241(a)(5) of the Act is, therefore, unnecessary to deport an alien guilty of acts of fraud of the nature present in the instant case. Furthermore, the contention is made in face of the fact

that Congress made deportability under section 241(a)(5), dependent upon the existence of a conviction under 18 U.S.C. 1546 and a conviction is not present in the instant case.

The Service representative contends that Congressional failure to provide that conviction for conspiracy to violate 18 U.S.C. 1546, as well as conviction under the section itself, would make an alien deportable may well have been due to the fact that Congress, realizing that in the normal situation the conspirators would be outside the United States, did not think that a conspiracy charge would be used. No historical basis for the Service belief is given. If it is a fact that Congress considered making conviction for a conspiracy a ground of deportability and decided not to, it is not our function to remedy the omission; it is a matter for Congress. Moreover, the Service contention appears to be without any foundation. The predecessor of 18 U.S.C. 1546 had been the basis of conspiracy prosecutions (*U.S.* v. *Rubenstein*, 151 F.2d 915 (C.A. 2, 1945); *U.S.* v. *Birnbaum*, 55 F. Supp. 356 (S.D.N.Y. 1944); *Shimi Miho* v. *U.S.*, 57 F.2d 491 (C.A. 9, 1932)). In section 241(a)(17) of the Act Congress provided for the deportation of aliens convicted of conspiracy to violate certain laws which, as much as 18 U.S.C. 1546, can involve actions by persons abroad. Also, Congress was well aware that the conspiracy section of the Penal Code "can frequently be utilized effectively concerning conspiracies to violate various provisions of the immigration laws" S. Rep. No. 1515, 81st Cong., 2d Sess., 649 (1950).

Finally, the Service contends that a conviction of a conspiracy to violate 18 U.S.C. 1546 is actually a conviction *under* 18 U.S.C. 1546. It is the Service contention that by use in section 241(a)(5) of the word "under" when referring to a conviction where conspiracy is not specified, and use of the word "of" when referring to a conviction where a conspiracy is specified, Congress intended to give these words separate meanings: "of" relating to the source of the conviction, and "under" to that which is encompassed within the range or bounds of the specific law. The simple answer appears to be that if Congress intended to attach the deportation liability to a person convicted of a conspiracy to violate a statute when they referred to a conviction "under" that statute, there would have been no need to specify in that very section in reference to another law that a conviction of that law *and* a conviction of a conspiracy to violate that law would carry the same penalty. Before this fact contentions based on ambiguous grammatical constructions must fall (*Matter of Marinho*, Int. Dec. No. 1273).

The Service representative cited several cases as authority for the utilization of the overt facts set forth in the conspiracy count to de-

termine what acts the respondent had actually committed. Inasmuch as the alien's deportation on the charge in question must be based upon a conviction and not upon the nature of his acts, the point made is immaterial and the cases cited are not applicable. The fact that the acts could presumably have been the basis for a conviction under 18 U.S.C 1546, is also immaterial.

**ORDER:** It is ordered that the appeals be and the same are hereby dismissed.